# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JULIUS JAMES LARRY, IV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV424-066 |
| | ) | |
| CHARLES M. MIMS, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Julius James Larry, IV has filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. He failed to either pay the filing fee or move to proceed *in forma pauperis*. *See* doc. 2. In response to the Clerk's notice of that deficiency, he paid the filing fee. *See* docket entry dated April 19, 2024. The Court, therefore, proceeds to screen his Petition. Preliminary review shows that the Petition should be **DISMISSED**. *See* Rule 4, Rules Governing Section 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . .").

Larry's Petition is untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1. Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill*

*v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The Georgia Supreme Court affirmed Larry's conviction on March 26, 2020.[1] He filed several motions for reconsideration, the latest of which was denied on May 4, 2020. *See Larry*, S20C0178 (Ga. May 4, 2020); *see also Wallace v. Holt*, 2013 WL 1411737, at *2 (S.D. Ga. Feb. 26, 2013) (calculating deadline to petition for certiorari from denial of motion for reconsideration by Georgia Supreme Court); *Jones v. Johnson*, 2012 WL 1094711, at *5 (M.D. Ga. Mar. 30, 2012) ([I]f a petitioner did file a motion

---

[1] Larry's Petition omits the date of the Georgia Supreme Court's decision and does not refer to the motions for reconsideration. *See* doc. 1 at 2-3. The undersigned takes judicial notice of the Georgia Supreme Court's docket, which reflects that it denied certiorari on March 26, 2020. *See Larry v. State*, S20C0178 (Ga. Mar. 26, 2019); *see also, e.g., Paez v. Sec'y, Fla. Dept. of Corrs.*, 947 F.3d 649, 651-52 (11th Cir. 2020) ("The dates the District Court noticed from the online state court dockets constitute judicially noticeable facts . . . ."). The *Paez* court stated that "the best practice [where a court takes judicial notice] would be to include copies of any judicially noticed records as part of the Order that relies upon them, so as to ensure the inmate receives them." *Id.* at 653 (citation omitted). Pursuant to the Court of Appeals' admonition, the Court has attached a copy of the Georgia Supreme Court's docket to this Report and Recommendation as Exhibit A.

for reconsideration, it is clear that the Georgia Supreme Court's judgment would not yet be final."). His conviction, therefore, became final no later than October 1, 2020, when the time for filing a petition for certiorari in the United States Supreme Court expired.[2] *See, e.g., Brown v. Sec'y, Dept. of Corrs.*, 2022 WL 766958, at *2 (11th Cir. Mar. 14, 2022) (citing *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236-37 (11th Cir. 2004)).

Larry alleges that he filed a state habeas petition in Mitchell County Superior Court in "July 2021." Doc. 1 at 3. Assuming that Larry filed his state petition on July 1, 2021, no less than 273 days of untolled time passed between the date on which his conviction became final and the date the one-year period was tolled by the filing of his state petition. His state petition was denied on October 11, 2022, *id.*, and the Georgia Supreme Court denied him a certificate of probable cause on August 21, 2023.[3] *See, e.g., Coates v. Byrd*, 211 F.3d 1225, 1227 (11th Cir. 2000)

---

[2] On March 19, 2020, the United States Supreme Court extended the deadline for filing petitions for certiorari from 90 to 150 days. *See Miscellaneous Order Addressing the Extension of Filing Deadlines [COVD-19]*, 334 F.R.D. 801 (2020).

[3] *See Larry v. Myers*, S23H0302 (Ga. Aug. 21, 2023). As discussed above, the Court takes judicial notice of the Georgia Supreme Court's docket showing that Larry's application for a certificate of probable cause was denied on August 21, 2023.

4

(§ 2244(d) period tolled "only so long as the case is in the state courts," so the period is not extended to permit petitions for certiorari by the United States Supreme Court).  He did not file the instant Petition until March 20, 2024,[4] 212 days later.  Therefore, no less than 485 days of untolled time[5] passed between the date when Larry's conviction became final and the date he filed the instant Petition.  The Petition is, therefore, no less than four months (120 days) out-of-time.

Larry's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623,

---

Pursuant to *Paez*, a copy of the docket is attached to this Report and Recommendation as Exhibit B.

[4] Under the "prison mailbox rule," a prisoner's pleading is deemed filed on the date he submits it to prison authorities for mailing, which is presumed to be the date it is singed.  *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Although it does not appear that Larry actually submitted his Petition for mailing on March 20, 2024, *see* doc. 1 at 15, because enclosed correspondence addressed to the Clerk of Court is dated March 21, 2024, *id.* at 19, since his Petition is untimely even assuming the earlier filing date, the exact date moot.

[5] On July 8, 2020, Larry filed a § 2254 petition in this Court.  *See Larry v. Meyers*, CV420-152, doc. 1 at 15 (S.D. Ga. July 14, 2020).  That Petition asserted four grounds which Larry expressly conceded had never been presented to a state court.  *See id.* at 5-12.  His petition was dismissed without prejudice as unexhausted.  *See* CV420-152, doc. 4 (S.D. Ga. Sept. 1, 2021).  An unexhausted federal petition has no tolling effect on § 2244(d)'s one-year period.  *See, e.g., Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).  Section 2244(d)(2) therefore did not toll the limitation period during the pendency of [a] first federal habeas petition.").

5

624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Larry's Petition does not indicate any "extraordinary circumstance" and his allegations, taken as a whole, do not indicate that he pursued his rights diligently.[6] There is, therefore, no basis to find he is entitled to equitable tolling. *See, e.g., Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." (internal quotation marks and citation omitted)).

An otherwise untimely § 2254 petition may also be considered, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)

---

[6] Larry's Petition does not address the issue of timeliness. *See* doc. 1 at 13-14.

6

(quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). Larry's asserted grounds for relief all concern procedural defects in his prosecution, *see* doc. 1 at 5-10, he does not even suggest that he is factually innocent of the convictions at issue.

Since Larry's Petition is untimely and he makes no meritorious argument for equitable tolling or actual innocence, his Petition should be **DISMISSED**. Doc. 1.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 23rd day of April, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Exhibit A

On April 15, 2024, the Court revised Rule 41 (2) to require that the proposed certiorari question or questions be set out under a separate heading at the beginning of the petition. Find the revised rules and more information HERE

Home    FAQ    Contact Us        



Court Information    Case Information    Oral Arguments    Rules & Procedures

Attorney Admissions    Public Information    Administrative

Docket Search

# Supreme Court of Georgia Docket System

## Case Information

| | |
|---|---|
| **Case Style** | JULIUS J. LARRY, IV v. THE STATE |
| **Case Number** | S20C0178 |
| **Docket Date** | 09/04/2019 |
| **Case Status** | Remittitur |
| **Description** | Criminal - Certiorari |
| **County** | Chatham |
| **Lower Court Case Numbers** | CR142399 |

Filings and Orders   Judgments   Attorney Information

**Judgment:** Motion for Reconsideration denied
**Judgment Line:** All the Justices concur, except McMillian, J., disqualified.
**Date:** 05/04/2020

**Judgment:** Motion for Reconsideration dismissed
**Judgment Line:** All the Justices concur, except McMillian, J., disqualified,
**Date:** 04/20/2020

**Judgment:** Certiorari - Writ denied
**Judgment Line:** Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, Bethel and Ellington, JJ., concur.
**Date:** 03/26/2020

Back

## MAY 2024

| LOCATION | QUICK LINKS | | NEWS AND REPORTS |
|---|---|---|---|
| Supreme Court of Georgia | View Calendar | **ORAL ARGUMENT – MAY 14, 2024** | 02/07/2024— State of the Judiciary |
| Nathan Deal Judicial Center | Forthcoming Opinions | | |
| 330 Capitol Avenue, S.E. | Docket Search | | 01/22/2024— Date Set for State of the Judiciary |
| 1st Floor, Suite 1100 | Oral Argument Webcasts | **ORAL ARGUMENT – MAY 15, 2024** | |
| Atlanta, Georgia 30334 | Media Purchase | | 11/09/2023— Supreme Court Revises Provisional Admission Rules |
| Phone: (404) 656-3470 | Rule 3.15 Form | | |
| Fax: (404) 656-2253 | Rule 3.15 Search | **ORAL ARGUMENT –** | |

DIRECTIONS

MAY 16, 2024

> 10/16/2023—Supreme Court Clerk Honored with Annual St. Thomas More Award

View All News and Reports

© 2023 Supreme Court of Georgia All Rights Reserved | Privacy | E-Verify ID

Exhibit B

Court Information          Case Information          Oral Arguments          Rules & Procedures

Attorney Admissions        Public Information        Administrative

Home      FAQ      Contact Us      



Docket Search

Court Information　　Case Information　　Oral Arguments　　Rules & Procedures

Attorney Admissions　　Public Information　　Administrative

## Case Information

| | |
|---|---|
| Case Style | JULIUS LARRY v. DARRIN MYERS, WARDEN |
| Case Number | S23H0302 |
| Docket Date | 10/25/2022 |
| Case Status | Remittitur |
| Description | Civil - Habeas Corpus Application |
| County | Mitchell |
| Lower Court Case Numbers | 21CV124 |

Filings and Orders　　Judgments　　Attorney Information

**Judgment:** Application denied
**Judgment Line:** All the Justices concur, except McMillian, J., disqualified.
**Date:** 08/21/2023

Back

Court Information     Case Information     Oral Arguments     Rules & Procedures

Attorney Admissions     Public Information     Administrative

LOCATION

Supreme Court of Georgia
Nathan Deal Judicial Center
330 Capitol Avenue, S.E.
1st Floor, Suite 1100
Atlanta, Georgia 30334
Phone: (404) 656-3470
Fax: (404) 656-2253

QUICK LINKS

View Calendar
Forthcoming Opinions
Docket Search
Oral Argument Webcasts
Media Purchase
Rule 3.15 Form
Rule 3.15 Search

# MAY 2024

**ORAL ARGUMENT – MAY 14, 2024**

**ORAL ARGUMENT – MAY 15, 2024**

**ORAL ARGUMENT –**

NEWS AND REPORTS

› 02/07/2024—State of the Judiciary

› 01/22/2024—Date Set for State of the Judiciary

› 11/09/2023—Supreme Court Revises Provisional Admission Rules

Court Information

Case Information

Oral Arguments

Rules & Procedures

Attorney Admissions

Public Information

Administrative

with Annual St. Thomas More Award

View All News and Reports

© 2023 Supreme Court of Georgia All Rights Reserved | Privacy | E-Verify ID