IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JULIUS JAMES LARRY, IV,

    Petitioner,

v.

CHARLES M. MIMS,

    Respondent.

CIVIL ACTION NO.: 4:24-cv-66

**O R D E R**

Before the Court is the Magistrate Judge's April 23, 2024 Report and Recommendation, (doc. 3), to which Petitioner has filed an Objection, (doc. 4). Petitioner objects to the Magistrate Judge's calculation of the running of 28 U.S.C. § 2244(d)'s one-year statute of limitations. His objection only recognizes the time that passed between the conclusion of his state habeas proceeding and his filing of his instant federal Petition. (Id. at p. 2.) He contends that because less than 365 days passed between those events, this petition is timely. (Id.) However, Petitioner fails to recognize the untolled time that passed before he filed his state habeas petition. As the Magistrate Judge explained "no less than 273 days of untolled time passed between the date on which his conviction became final and the date the one-year period was tolled by the filing of his state petition." (Doc. 3, p. 4.) Petitioner did not acknowledge, much less object to, that finding. As the Magistrate Judge explained, when those 273 days are added to the time that passed after the conclusion of the state petition, "no less than 485 days of untolled time passed between the date when Larry's conviction became final and the date he filed the instant Petition." (Id. at p. 5 (footnote omitted).)

After a careful de novo review, the Court agrees with the Magistrate Judge's calculation of the statute of limitations. Petitioner's putative objection that he is required to show factual innocence to avoid the statute of limitations, (doc. 4, pp. 2—3), is meritless. The Court, therefore, **ADOPTS** the Report and Recommendation, (doc. 3), as its opinion. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** as untimely. (Doc. 1.)

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 13th day of May, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA